UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FRANKIE DEES. *et al.*,            )
                                   )
    Plaintiff,                 )
                                   )
v.                                 )   NO.: 3:02-CV-626
                                   )       (VARLAN/GUYTON)
ROANE COUNTY, TENNESSEE, *et al.*, )
                                   )
    Defendants.                )

## MEMORANDUM OPINION

This matter is before the Court on defendants' Renewed Motion to Dismiss [Doc. 46], in which defendants seek dismissal of this case on the ground that plaintiffs failed to exhaust all available administrative remedies. Plaintiffs have failed to file any response or opposition to defendants' Renewed Motion to Dismiss [Doc. 46] and the time for doing so has passed. *See* E.D.TN. LR 7.1(a), 7.2. "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." *Id.* at LR 7.2.

Before a prisoner may bring an action pursuant to 42 U.S.C. § 1983, the prisoner must exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e(a); *Hartsfield v. Vidor*, 199 F.3d 305, 308-09 (6th Cir. 1999). The exhaustion of administrative remedies is a mandatory requirement. *Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001).

In the present case, plaintiffs had alleged that there were no administrative remedies in place; and therefore, the exhaustion of administrative remedies requirement was not applicable. [*See* Doc. 32]. In response, defendants filed the renewed motion to dismiss and

attached the Affidavit of Captain Fay Hall [Doc. 46-2] stating that a grievance procedure was in place at all times relevant to this case. In addition, defendants filed a copy of the Roane County Detention Facility Inmate Grievance Form [Doc. 47-2] as evidence of the grievance procedure. Plaintiffs do not dispute the affidavit of Captain Hall. *See* LR 7.2.

Based on a review of the record as a whole and in light of the Affidavit of Captain Fay Hall and the Roane County Detention Facility Inmate Grievance Form, the Court finds that there was a grievance procedure in place at the Roane County Detention Facility during all times relevant to this matter. The Court also finds that plaintiffs failed to exhaust the available administrative remedies as required by 42 U.S.C. § 1997e(a) before initiating the present case. Therefore, the Court will dismiss this matter without prejudice.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
